UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADALYN M. SOULLIERE,

    Plaintiff,

                                                                                             Civil No. 07-10694
                                                                          Hon. John Feikens

    v.

CAMILLE MAXWELL,

    Defendant.
_____/

**ORDER ENJOINING PLAINTIFF FROM FILING
FURTHER VEXATIOUS LAWSUITS**

    Plaintiff Madalyn M. Souilliere has filed no fewer than seventeen lawsuits in the Eastern District of Michigan in the past ten months.  No fewer than nine of these have already been dismissed for failure to state a claim upon which relief can be granted.  Her complaints repeatedly contain similar factual scenarios, alleging knowledge of an earpiece implanted on her person against her will, child molestation, and knowledge of brainwashing and first-degree murder.  In disposing of the complaint in another case brought by Ms. Souilliere, another Judge of this Court found that she had "abus[ed]" the 36th District Court of Michigan, filing at least seventeen cases in that court as well.  <u>Soulliere v. Atkins</u>, Case No. 07-10449, slip op. at 1 (E.D. Mich. Feb. 13, 2007) (Edmunds, J.) (quoting Judge Atkins of 36th District Court).  These characteristics are indicative of a litigant who will continue to abuse the judicial system until she is forced to stop.

    District courts are obligated to protect themselves from vexatious litigants.  <u>In re</u>

MacDonald, 489 U.S. 180, 184 n.8 (1989) citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984).  If vexatious litigation is allowed to continue, the resources of the Court are unfairly directed away from claims that merit its attention.  When necessary, injunctive force has been used to restrain vexatious litigants from continuing to wreak havoc on the legal system.  See, e.g., Filipas v. Lemans, 835 F.2d 1145 (6th Cir. 1987); In re Martin-Trigona, 737 F.2d at 1261.  This Court has used this method in the past.  See, e.g., Marbly v. Kay, Case No. 00-71520, slip op. at 1-2 (E.D. Mich. Apr. 25, 2000) (Tarnow, J.) affirmed in Case No. 00-1530, 2000 WL 1827783 (6th Cir. Dec. 8, 2000); see also Kersh v. Borden Chemical, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988) (Cook, C.J.).  Injunctive force, if used, should be narrowly tailored to dissuade vexatious litigation, but not to completely foreclose a Plaintiff's ability to obtain relief for a legally cognizable injury.  Kersh, 689 F. Supp. at 1450 citing Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).  This Court has previously adopted a five factor test to determine if enjoining an individual's access to the courts is proper:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Id. at 1450 quoting Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

     Ms. Soulliere has filed multiple complaints alleging similar scenarios, has no objective good faith expectation of prevailing in the majority of these cases, is not represented by counsel, and has caused needless expense and posed unnecessary burdens upon this Court.  No other

sanction would be effective against Ms. Soulliere. Ms. Soulliere's recent history makes clear that she is likely to continue her abuse of the judicial process. Therefore, IT IS HEREBY ORDERED that Madalyn M. Soulliere is PRECLUDED AND RESTRAINED from filing any new action in the Eastern District of Michigan without obtaining leave of the Court. Such leave shall be sought from the Presiding Judge of this Court. Any complaint filed with this Court without the leave of the Presiding Judge shall be stricken from the docket.

**IT IS SO ORDERED.**

                                            **s/John Feikens**
                                            John Feikens
                                            United States District Judge

Dated: April 2, 2007

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 2, 2007.<br><br>s/Carol Cohron<br>Deputy Clerk |